

**Signed: June 27, 2006**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 05-44314 TT |
| | Chapter 7 |
| RICHARD CONRAD LAM, | |
|        Debtor. | |
| _____/ | |
| CAROL LAM, | A.P. No. 05-4455 AT |
|        Plaintiff, | |
|    vs. | |
| RICHARD CONRAD LAM, | |
|        Defendant. | |
| _____/ | |

### MEMORANDUM OF DECISION RE MOTION FOR PARTIAL SUMMARY JUDGMENT

In the above-captioned adversary proceeding, Carol Lam ("Carol"), the former spouse of the above-captioned debtor, Richard Conrad Lam ("Richard"), seeks an exception from Richard's chapter 7 bankruptcy discharge with respect to certain claims arising from their dissolution proceeding. In the complaint, she asserts two bases for nondischargeability: i.e., 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(15). In this motion, Carol seeks partial summary

judgment with respect to her claim under 11 U.S.C. § 523(a)(4).  For the reasons stated below, her motion is denied.

## SUMMARY OF FACTS

In 1999, a proceeding to dissolve the marriage of Richard and Carol was commenced in state court.  For various reasons not relevant here, the proceeding progressed slowly.  A trial was conducted on February 23 to 25 and August 23 to 24, 2204 before a state court judge, the Honorable James H. Libbey ("Judge Libbey"), with respect to various issues.  On November 2004, Judge Libbey issued his decision with respect to those issues (the "Libbey Decision").[1]  On August 4, 2005, Richard filed a chapter 7 bankruptcy petition, thereby commencing this chapter 7 bankruptcy case.  Thereafter, Carol filed this adversary proceeding, seeking nondischargeability of certain claims established by the Libbey Decision.

## DISCUSSION

In her motion for partial summary judgment, Carol asserts that she is entitled to a judgment as a matter of law with respect to her first claim for relief, under 11 U.S.C. § 523(a)(4), as a matter of collateral estoppel.  As a factual matter, the claim has two distinct parts.  First, Judge Libbey found that, after the couple separated, during the dissolution proceedings, Richard converted $368,285 in community property funds contained in certain rollover accounts. Second, during the couples' marriage, Judge Libbey found that Richard used $417,000 in community property funds to pay child support from

_____

[1]A copy of the Libbey Decision is attached as Exhibit A to Carol's Request for Judicial Notice, filed on May 3, 2006.

2

a prior marriage at a time when he had separate property available to him. Carol contends that Judge Libbey found that these acts were breaches of fiduciary duty or that the Court should so find as a matter of law based on Judge Libbey's factual findings. As a result, she contends that, pursuant to 11 U.S.C. § 523(a)(4), she is entitled to a nondischargeable claim for $392,642--50 percent of these two amounts--based on principles of collateral estoppel.[2]

At the hearing on the motion, the Court held that the motion should be denied with respect to the first factual claim. The Court agreed that, in the Libbey Decision, Judge Libbey found that Richard's conversion of the Rollover Accounts was a "massive breach of fiduciary duty." However, as the Court read the Libbey Decision, Judge Libbey concluded that no damage claim should be awarded for the conversion. Instead, he treated the treated the converted funds as a distribution of community property to Richard in deciding how the community assets should be divided between the two. See Libbey Decision, p. 3, ll. 14-25, p. 10, ll. 11-28. Thus, presumably, Carol received an equivalent distribution of community property by virtue of other provisions in the Libbey Decision.

The Court took the second factual contention under submission. At the hearing, the Court noted that, in the Libbey Decision, Judge

---

[2]Collateral estoppel prevents the relitigation of an issue that was already decided in a prior proceeding between the same parties. However, the issue in the prior proceeding must be identical to the issue presented currently; it must have been actually litigated and necessarily decided in the prior proceeding; and a final judgment on the merits must have been entered. In re Cantrell 329 F.3d 1119, 1122 (9th Cir. 2003).

3

Libbey ordered Richard to reimburse the community for the $417,000 of community property used to pay child support for his children from a prior marriage: i.e., either one-half of the amount if using his separate property to reimburse the community or the whole amount if using community property. However, Judge Libbey did not expressly hold that Richard's use of community property to pay the child support constituted a breach of fiduciary duty. See Libbey Decision, p. 10, 34-37. Nevertheless, if spouses have a fiduciary duty to each other with respect to community property during their marriage, prior to separation, and if Richard's use of community property to pay the child support under these circumstances constituted a breach of that duty, Carol would still be entitled to partial summary judgment on this claim as a matter of collateral estoppel.

Richard conceded that spouses have a fiduciary duty to each other during marriage with respect to community property.[3] However, he contended that his use of community property to pay the child support when he had separate property available was not a breach of that duty. He contended that, in awarding Carol a claim based on these payments, Judge Libbey applied the wrong standard. He contended that the statutory prohibition was the use of community property to pay support for children from a prior marriage when one has separate *income*, not separate *property* available.

---

[3]The Libbey Decision does not make it clear whether Richard paid the child support before or after the couple separated. However, since spouses have a fiduciary duty to each other during marriage as well as after separation and during a dissolution proceedng, this ambiguity does not affect the outcome of this issue. See Cal. Fam. Code § 1100(e).

4

Section 1100(e) of the California Family Code provides that spouses have a fiduciary duty with respect to control of the community assets during marriage. Cal. Fam. Code § 1100(e); see also In re Reuling, 23 Cal. App. 4th 1428, 1437 (1994)(fiduciary duty applies during marriage). A spouse has a claim for breach of fiduciary duty against the other spouse based on any impairment in the claiming spouse's share of the community property. Cal. Fam. Code § 1100(a).

Section 915(b) of the California Family Code provides that:

> If property in the community estate is applied to the satisfaction of a child or spousal support obligation of a married person that does not arise out of the marriage, at a time when nonexempt separate income of the person is available but is not applied to the satisfaction of the obligation, the community estate is entitled to reimbursement from the person in the amount of separate income, not exceeding the property in the community estate so applied.

Cal. Fam. Code § 915(b). If no separate income was available, the community is not entitled to any reimbursement for such expenditures. See In re Williams, 213 Cal. App. 3rd 1239, 1244 (1989). As noted above, the Libbey Decision did not make a finding that Richard had nonexempt separate income available at the time he used community property to pay support for his children from a prior marriage. No evidence as to that factual issue has been presented in connection with this motion. Therefore, Carol's request for summary judgment on this portion of the claim must also fail.[4]

_____

[4]The Court presumes that, if Richard did have nonexempt separate income available, his use of community property to make the payments would constitute a breach of fiduciary duty. However,

5

**CONCLUSION**

Carol's motion for partial summary judgment, granting judgment in her favor on her claim for relief under 11 U.S.C. § 523(a)(4) is hereby denied. Richard is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

---

it makes no decision on this issue at this time.

6

COURT SERVICE LIST

Chris D. Kuhner
Kornfield, Paul & Nyberg, P.C.
1999 Harrison St., Ste. 2675
Oakland, CA 94612

Richard C. Lam
1470 Creekside Drive, Unit 6
Walnut Creek, CA94596

7